**Edward M. SALAZAR, Plaintiff— Appellant,**

v.

**Carlos M. GUTIERREZ, Secretary of Commerce, Defendant—Appellee.**

No. 04–16283.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2006.*

Filed April 10, 2006.

---

is foreclosed by *United States v. Dupas,* 419 F.3d 916, 920 (9th Cir.2005).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Louis Demas, Esq., Sacramento, CA, for Plaintiff–Appellant.

Joseph E. Maloney, Esq., USSAC–Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

### MEMORANDUM **

The Defendant does not put at issue whether Salazar made out a *prima facie*

claim of retaliation under Title VII. The Commerce Department provided "legitimate, non-discriminatory reason[s] for the adverse employment action."[1] Therefore, Salazar must "demonstrat[e] that the reason[s were] merely a pretext for a discriminatory motive."[2] Salazar attempted to prove pretext by showing that "unlawful discrimination more than likely motivated" the Commerce Department's adverse employment decisions.[3]

Salazar must provide "specific and substantial" evidence to make this showing.[4] The evidence that the Commerce Department had a legitimate reason for its decisions included Salazar's extensive history of friction with his supervisors and co-workers on account of his sexual harassment and racist, sexist, and insubordinate remarks. His only evidence of pretext was that Ms. Greene told him that she "felt" that Salazar's complaints of discrimination motivated Mr. Carrasco. But Ms. Greene did not, Salazar concedes, tell him that she had ever heard Mr. Carrasco say that Salazar's EEO Complaints bore on his decision. Salazar conceded at his deposition that he did not know if Ms. Greene heard anything along these lines from Mr. Carrasco. The mere feeling of one person about the unexpressed motivation of another person's decision cannot create a genuine issue of material fact.[5]

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Stegall v. Citadel Broadcasting, Co.*, 350 F.3d 1061, 1066 (9th Cir.2003).

2. *Id.*

3. *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir.2002).

4. *Id.*

5. *Cermetek, Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir.1978) (mere belief is

---

not sufficient to create a genuine issue of fact).

